NO. 07-06-0306-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 28, 2008 

______________________________

ALFREDO FLORES, SAM LAJZEROWICZ, AND 
DEBRA TRAPHAGAN, APPELLANTS

v.

STAR CAB COOPERATIVE ASSOCIATION, INC., AND ALL TAXI DISPATCH
SERVICES, INC., PAUL M. FOUTZ, TOM W. JOHNSON, CRUZ S. CHAVIRA,
MARY V. CALK, GREGORIO ZEPEDA, LEANNA JAMIE LOUTIDES,
 RAMON CHAPA, BASHIR A. JAN, AGUSTIN BUDA, OMAR TIRADO,
 ANTRANIK BALDJIAN, WANE BOUBACAR, APPELLEES 

_________________________________

FROM THE 131st DISTRICT COURT OF BEXAR COUNTY;

NO. 2003-CI-15869; HONORABLE O. RENE DIAZ, PRESIDING
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellants Alfredo Flores, Sam Lajzerowicz, and Debra Traphagan sued Star Cab
Cooperative Association, Inc., All Taxi Dispatch Services, Inc., and eleven individuals
including former officers and directors of Star Cab and All Taxi alleging tortious conduct
and seeking declaratory relief. Attorney Morris J. Kirschberg represented appellants.


 
Appellants appeal a take-nothing judgment and appellants and Kirschberg appeal the
judgment’s joint and several award of attorney’s fees in favor of appellees. We will affirm.
Background
          Star Cab is a non-profit cooperative association owning permits from the City of San
Antonio for operation of a taxi business. Without a city permit an individual or entity may
not lawfully carry passengers for hire in the city. During the times material to the issues
in this case, appellants were among the 26 member cab drivers of Star Cab. By regulation,
the city required dispatching of cabs by radio. 
          By 2001, the membership of Star Cab had become dissatisfied with its existing radio
dispatch service. At an August meeting, members voted 25 to 1 to create All Taxi, a for-profit corporation dedicated to the provision of dispatch services for Star Cab and other
subscribers. The new entity was owned in equal shares by the 26 members of Star Cab.
It began operations in September 2001. To start All Taxi, members of Star Cab agreed to
contribute a radio fee in addition to their Star Cab dues. While members generally paid
Star Cab dues regularly, payment of All Taxi fees was sporadic. Nevertheless, Star Cab
was flexible with its members on financial issues and only one member, who is not a party
to the instant litigation, was expelled for non-payment of a monetary obligation. 
          Appellants and other members of Star Cab grew dissatisfied with the assessment
required to operate All Taxi. Appellants contended officers of Star Cab were not paying
their assessments while demanding payment of the other members. Appellants also
claimed directors of Star Cab wrongly induced its membership to create All Taxi with
representations that the new corporation would decrease radio dispatch costs and make
money by serving other taxi services. Appellants hired Kirschberg to negotiate for the
transfer of city taxi permits to a new entity. The city refused the request and appellants
unsuccessfully sued the city and Star Cab over the issue.


 
          In November 2003, the members of Star Cab expelled appellants by vote of the
cooperative members. The alleged grounds for separation were disparagement, sharing
confidential business information, and, according to appellee Calk, appellants’ lack of a
“team spirit.”
          Appellants filed the underlying lawsuit in October 2003, variously asserting against
Star Cab, its members Paul Foutz, Tom Johnson, Cruz Chavira, Mary Calk, and All Taxi
breach of fiduciary duty, fraud, “misappropriation and misuse of funds,” and violations of
the DTPA.


 They also sought declaratory and injunctive relief. Through first and second
amended original petitions, appellants added as defendants existing and former officers
and directors of Star Cab and All Taxi. They also added claims of insurance fraud,
“extortion/duress,” oppression of minority shareholders, “equitable buyout,” “shareholder
derivative action,” request for appointment of a receiver over Star Cab, and a request for
an accounting of Star Cab and All Taxi. Appellees, as defendants in the trial court, filed
motions seeking attorney’s fees as a sanction against appellants and Kirschberg according
to Rule 13,


 chapters 9 and 10 of the Civil Practices and Remedies Code,


 and the DTPA.


 
          Trial of the case by jury began on November 28, 2005. At the conclusion of
appellants’ case in chief, the court granted appellees’ motions for directed verdict on all
appellants’ claims tried with the exception of a fraud count against Foutz, Johnson, Calk,
and Chavira. The jury received the case on December 12, 2005, and returned a
unanimous verdict finding none of the individuals submitted engaged in fraud. After four
post-trial hearings on appellees’ motions for attorney’s fees, the trial court issued an order
taxing all appellees’ attorney’s fees jointly and severally against Kirschberg and appellants.
The order was incorporated into a judgment that appellants, as plaintiffs, take nothing. 
Appellants and Kirschberg appealed.
 

Discussion
Briefing Deficiencies 
          Appellees challenge the sufficiency of appellants’ brief on several grounds including
the absence of a statement of facts conforming to the requirement of Appellate Rule
38.1(f), insufficient citations to the record and authorities, and the absence of a cogent
argument supporting each issue presented. See Tex. R. App. P. 38.1(f), (h).
          The statement of facts in appellants’ brief consists merely of the lengthy factual
section of their live petition, complete with argument and qualifying terms such as “on
information and belief,” but without record references. This approach does not meet the
requirements for an appellant’s brief. Appellate Rule 38.1(f) requires an appellant’s brief
present a concise, non-argumentative statement of pertinent facts with record references. 
Tex. R. App. P. 38.1(f). The statement of facts section of appellants’ brief afforded them
a valuable opportunity to present a factual narrative drawn from the testimonial and
documentary evidence the trial court admitted and to direct this court to the locations in the
record supplying the facts.


 Because appellants’ brief provides us no assistance in
understanding the facts established at trial, we refer to the record and appellees’ statement
of facts. See Kelly v. Demoss Owners Assn., 71 S.W.3d 419, 422 n.1 (Tex.App.–Amarillo
2002, no pet.). 
          Appellate Rule 38.1(h) provides an appellant’s brief “must contain a clear and
concise argument for the contentions made, with appropriate citations to authorities and
to the record.” Tex. R. App. P. 38.1(h). Appellants list eleven appellate issues in their
brief, yet in the argument section they largely omit relevant case citations and analysis. 
Their discussion omits a statement of the applicable standard of review and their
arguments are not constructed around the standard of review. While appellants’ issues
are fact intensive, dealing with a directed verdict and an order of sanctions, their argument
contains few record references and relies heavily on unsupported conclusions. 
          Star Cab and All Taxi argue that because of briefing deficiencies appellants have
presented nothing for our review. But in their briefs the appellees were, nevertheless, able
to present a thorough response to appellants’ issues. Because appellate briefs are meant
to acquaint a court with the issues in a case and to present argument enabling the court
to decide the case, we construe the briefing rules liberally and accept substantial
compliance. See Tex. R. App. P. 38.9. While appellants’ brief is not a model of proper
form it sufficiently acquaints us with their issues and arguments so that we are able to
consider the merits of the issues briefed and decide the case. 
Issues
          Appellants apportion eleven issues among two categories of alleged error. The first
deals with the trial court’s grant of a directed verdict on appellants’ claims of
misappropriation of funds, breach of fiduciary duty, violations of the DTPA, declaratory
judgment, and insurance fraud, and its pre-trial dismissal of their shareholders’ derivative
suit. In the second category, appellants and Kirschberg attack the trial court’s award of
attorney’s fees as a sanction.
The Directed Verdicts
          When reviewing a directed verdict on a material question presented, we determine
whether there is any evidence of probative force that raises a fact issue. See Szczepanik
v. First S. Trust Co., 883 S.W.2d 648, 649 (Tex. 1994). We consider all the evidence in
a light most favorable to the party against whom the verdict was directed, disregarding all
contrary evidence and inferences and giving the losing party the benefit of all reasonable
inferences created by the evidence. Id. If there is any conflicting evidence of probative
value on an issue, the directed verdict is improper and the case must be reversed and 
remanded for jury determination of that issue. Id.
          In their first issue, appellants assert the trial court erred in directing a verdict against
them on their claim that officers of Star Cab misappropriated cooperative money for their
individual use. For this claim, appellants cite two brief excerpts from the testimony of
Johnson, the former president of Star Cab, that All Taxi was founded with the money and
credit of Star Cab and the members of Star Cab did not receive All Taxi share certificates. 
The crux of appellants’ argument, however, is their conclusion that wrongful conduct would
occur if officers of Star Cab used the cooperative’s money to create All Taxi but personally
held ownership. This sequence is not supported by any record references or citations to
relevant authority. The record reveals witness after witness testified that All Taxi was
owned by the 26 members of Star Cab. But even had the claim possessed any evidentiary
basis it could not succeed. Absent an individual injury to a corporate stockholder, arising
from a contract or other duty owed the stockholder by the wrongdoer, a stockholder cannot
recover damages for an injury done solely to the corporation, even though the stockholder
may suffer injury by the wrong. Wingate v. Hajkik, 795 S.W.2d 717, 719 (Tex. 1990). 
Finally, we note in their response to appellees’ motion for directed verdict, appellants
represented to the trial court they did not wish to assert misappropriation of funds apart
from their claim for breach of fiduciary duty. Issue one is overruled.
          In their second issue, appellants assert the trial court erred in directing a verdict
against them on their breach of fiduciary duty claims. Appellants contend appellees
breached fiduciary duties in two respects: (1) Johnson and other unnamed appellees were
promoters of All Taxi and in that capacity owed and breached fiduciary duties to the
members of Star Cab and (2) assuming the members of Star Cab were not shareholders
in All Taxi then they were partners giving rise to a fiduciary relationship.



          Appellants do not cite us to, nor do we find, a Texas case holding that a corporate
“promoter” of a proposed corporation stands in a fiduciary relationship with a prospective
investor. And appellants do not allege that here an informal fiduciary duty arose from “a
moral, social, domestic or purely personal relationship of trust and confidence.” Associated
Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 287 (Tex. 1998). When the
substantive law does not permit recovery on the established facts a directed verdict may
be proper. See Arguelles v. U.T. Fam. Med. Ctr., 941 S.W.2d 255, 258 (Tex.App.–Corpus
Christi 1996, no writ) (directed verdict held proper because Texas does not recognize “loss
of chance” claim in suit alleging medical malpractice). The trial court properly directed a
verdict against appellants on their breach of fiduciary duty claim by “promoters” of All Taxi.
           Appellants do not point us to any facts in the record giving rise to a partnership
among the members of Star Cab. Rather, they assume they were not shareholders of All 
Taxi because share certificates were not issued and then further assume in law a
partnership existed. But this is no evidence of a partnership.


 
          Moreover, even if we were to assume the existence of fiduciary relationships among
the members of Star Cab, we are left with the unanswered questions of what duty
appellants claim was breached


 and what evidence established the breach. In their brief,
appellants tell us they “believe that the evidence has shown that these Defendants
breached that duty [as promoters] and that the Plaintiffs were injured thereby.”
          As for partnership liability, the evidence is not identified but from appellants’
argument we deduce it is the testimonial affirmation of Traphagan that Calk, Foutz,
Johnson, and unnamed others did not pay assessments. Appellants contend this
conclusion is borne out by two voluminous exhibits consisting of copies of billing
statements to members of Star Cab. Although appellants do not direct us to specific
statements in the exhibits, we examined the statements and find they show nothing more
than appellants and appellees were variously in arrears in payment of assessments. This
fact was shown by the trial testimony. 
          Regardless of the fiduciary duty alleged, evidence of the substance and quantum
relied on by appellants amounts to no evidence of a breach of fiduciary duty. Issue two is
overruled.
          In their third issue, appellants assert the trial court erred in directing a verdict against
them on their DTPA claims against Johnson, Foutz, Chavira, Calk, and All Taxi.   Without
citing the DTPA subsection or subsections on which they rely, appellants claim appellees
misrepresented that the cost of All Taxi dispatch services would be identical to the amount
charged by its predecessor and the cost of All Taxi’s service would be reduced because
the company expected five initial subscribers of its service. According to appellants, only
two companies initially subscribed. Appellants also claim appellees engaged in
unconscionable conduct


 because officers of All Taxi did not pay all the fees required of
Star Cab members.



          Appellees challenge appellants’ claimed status as DTPA consumers. Standing to
sue under the DTPA requires the plaintiff qualify as a “consumer.” Flenniken v. Longview
Bank and Trust Co., 661 S.W.2d 705, 706 (Tex. 1983). A DTPA consumer is one who: (1)
seeks or acquires goods or services by purchase or lease; and (2) the goods or services
sought or acquired form the basis of his or her complaint. Melody Home Mfg. Co. v.
Barnes, 741 S.W.2d 349, 351-52 (Tex. 1987); Sherman Simon Enters., Inc. v. Lorac Serv.
Corp., 724 S.W.2d 13, 15 (Tex. 1987). Ordinarily, consumer status is a question of law for
the court. Lukasik v. San Antonio Blue Haven Pools, Inc., 21 S.W.3d 394, 401
(Tex.App.–San Antonio 2000, no pet.).
          Appellants claim they were consumers because they “were attempting to purchase
stock in All Taxi.” But the corporate stock appellants sought in All Taxi is not a “good” for
attaining DTPA consumer status. See Hendricks v. Grant Thornton Int’l, 973 S.W.2d 348,
356-57 (Tex.App.–Beaumont 1998, pet. denied).
          Even assuming arguendo appellants were consumers of All Taxi, they do not direct
us to any record evidence of their detrimental reliance on a representation


 by an
appellee, unconscionable conduct


 perpetrated by an appellee, or that a DTPA violation
was a producing cause of any injury.


 
          The trial court did not err in directing a verdict against appellants on their DTPA
claims. Issue three is overruled.
          In their fourth issue, appellants complain the trial court erred in directing a verdict
against them on their requests for a declaratory judgment


 that Star Cab did not provide
sufficient notice of intent to expel appellants from the cooperative under the terms of its by-laws, and at the time appellants were expelled most of the Star Cab members were on
suspended status for non-payment of association financial obligations. 
          In short, appellants’ complaint concerns the trial court’s refusal to make declarations
of facts supporting their claim of wrongful expulsion from Star Cab. Proof of such facts
would potentially be germane to appellants’ theories of breach of fiduciary duty and duress.
Moreover, by seeking a declaratory judgment of various elements of their tort claims,
appellants pave the way for an award of attorney’s fees on theories not otherwise
authorizing such a recovery. But this type of end run is contrary to the purposes of the
UDJA and impermissible. See City of Laredo v. South Texas Nat’l Bank, 775 S.W.2d 729,
732 (Tex.App.–San Antonio 1989, writ denied) (party to existing suit may not seek a
declaratory judgment to recover attorney’s fees not otherwise authorized by law); cf. BHP
Petroleum Co. v. Millard, 800 S.W.2d 838, 841 (Tex. 1990) (the UDJA is “‘not available to
settle disputes already pending before a court.’”) (quoting Heritage Life v. Heritage Group
Holding, 751 S.W.2d 229, 235 (Tex.App.–Dallas 1988, writ denied)). The trial court did not
err in directing a verdict against appellants on their claim for declaratory relief. Issue four
is overruled.
          In the fifth issue, Traphagan asserts the trial court erred in directing a verdict against
her on a claim of “insurance fraud.”


 According to Traphagan, Johnson was not only a cab
driver but an insurance agent and in the latter capacity defrauded her by not placing
comprehensive coverage on her cab even though he accepted her premiums and supplied
a proof of insurance card. Traphagan tendered two checks to Johnson, payable to Star
Cab, totaling $825.71 which she believed paid the premium for one year’s comprehensive
insurance coverage on her cab. According to Traphagan, during the first year to year-and
-a-half of Star Cab’s existence, members of the association were named insureds on a
motor vehicle liability policy. Traphagan agreed her vehicle had liability insurance
coverage the entire time she was a member of Star Cab. Johnson testified he was not a
licensed insurance agent but as president of Star Cab sought fleet insurance for the
cooperative. According to Johnson, the money Traphagan testified she tendered for
insurance was a down payment for her share of the fleet insurance premium. The
insurance card he provided Traphagan was issued by Star Cab’s liability insurance carrier
for drivers to carry as proof of coverage. 
          The elements of a cause of action for fraud are: “‘(1) that a material representation
was made; (2) the representation was false; (3) when the representation was made, the
speaker knew it was false or made it recklessly without any knowledge of the truth and as
a positive assertion; (4) the speaker made the representation with the intent that the other
party should act upon it; (5) the party acted in reliance on the representation; and (6) the
party thereby suffered injury.’” Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 211
n.45 (Tex. 2002) (quoting In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001));
See State Bar of Texas, Texas Pattern Jury Charges–Business, Consumer, Insurance, and
Employment, PJC 105.2 & cmt. (2006). There is no evidence that Johnson defrauded
Traphagan in the purchase of a comprehensive motor vehicle policy. Issue five is
overruled.
          In their ninth issue, appellants argue the trial court erred by dismissing their
shareholders’ derivative suit on behalf of Star Cab for failure to state a cause of action.
Appellants plead a derivative action against officers and directors of Star Cab alleging
claims of beach of fiduciary duty, fraud, DTPA violations, and extortion. As authority for
standing to bring a derivative claim, appellants rely on article 5.14 of the Business
Corporation Act. Tex. Bus. Corp. Act Ann. art. 5.14 (Vernon 2003). Article 5.14 provides
for a shareholders’ derivative action on behalf of a for-profit corporation. But it is not
applicable to Star Cab. See Tex. Bus. Corp. Act Ann. art. 9.14(A) (Vernon 2003)
(stipulating corporations to which Business Corporation Act applies). Star Cab is an
association created under the Texas Cooperative Association Act, Tex. Rev. Civ. Stats.
Ann. art. 1396-50.01 (Vernon 2003) (TCAA). An association incorporated under the TCAA
is subject to the provisions of the Texas Non-Profit Corporation Act to the extent they do
not conflict with the TCAA. Tex. Rev. Civ. Stats. Ann. art. 1396-50.01 § 3 (Vernon 2003). 
Because it is thus governed by the Texas Non-Profit Corporation Act, the Business
Corporation Act does not apply to Star Cab. 
          The Texas Non-Profit Corporation Act does not contain a provision like Business
Corporation Act article 5.14, authorizing a derivative action. Appellants recognize this void
but argue a members’ derivative action nevertheless was available to them. In support,
they cite Mitchell v. LaFlame, 60 S.W.3d 123 (Tex.App.–Houston [14th Dist.] 2000, no pet.)
and Governing Board of the DAR v. Pannill, 561 S.W.2d 517 (Tex.Civ.App.–Texarkana
1977, writ ref’d n.r.e.). We do not find these cases dispositive of the question. 
          At issue in Mitchell, 60 S.W.3d at 127, was whether owners of townhomes could
individually sue a non-profit homeowners’ association for damages to corporately owned
common areas. Affirming a judgment notwithstanding the verdict that limited the owners’
recovery to damage to their individually owned property, the court found the owners should
have brought a representative suit on behalf of the corporation for damage to corporate
property. Id. at 129. As the question was not before it, the court did not decide whether
members of a Texas non-profit corporation may bring a derivative action on behalf of the
corporation. 
          Among the issues in Pannill, 561 S.W.2d 517, was the availability of an ultra vires
claim by members of a non-profit corporation suing in a representative capacity to enjoin
the transfer of real property by a corporate officer. Id. The court was not presented with
the question, nor did it decide, whether members of a non-profit corporation may sue
derivatively for the benefit of the corporation.
          Appellants further argue we should fashion a remedy. Under these facts, and in the
absence of statutory authorization for derivative actions under the Non-Profit Corporation
Act, we decline their invitation. See Historical and Statutory Notes, Tex. Rev. Civ. Stat.
Ann. art. 1396-1.10 (Vernon 2003) (quoting Non-Profit Corporation Act as, inter alia, “[a]n
Act to adopt and establish general statutory provisions applicable to non-profit corporations
. . . .”). Issue nine is overruled.
Award of Attorney’s Fees as a Sanction



          We apply an abuse of discretion standard in reviewing an order of sanctions. Cire
v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004). We will reverse the trial court's ruling
only if the trial court acted without reference to any guiding rules and principles, such that
its ruling was arbitrary or unreasonable. Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007). 
Sanctions function to compensate, punish, or deter. See TransAmerican Natural Gas
Corp. v. Powell, 811 S.W.2d 913, 922 (Tex. 1991) (Gonzalez, J., concurring). However,
all sanctions granted must be “just.” Butan Valle, N.V. v. Smith, 921 S.W.2d 822, 827
(Tex.App.–Houston [14th Dist.] 1996, no writ). Justness requires a direct relationship
between the offensive conduct and the sanction imposed and the sanction must not be
excessive. TransAmerican, 811 S.W.2d at 917. 
          In their sixth issue, appellants and Kirschberg argue that appellees should have
segregated attorney’s fees attributable to the defense of frivolous claims alleged in the
pleadings from attorney’s fees attributable to the defense of meritorious claims. A
complaint on appeal that a party seeking attorney’s fees failed to segregate fees among
specific claims requires a timely and specific objection in the trial court; otherwise, the
complaint is waived. Green Int’l v. Solis, 951 S.W.2d 384, 389 (Tex. 1997); see Tex. R.
App. P. 33.1(a)(1)(2). Appellants do not provide a record citation to, nor do we find, a
timely objection in the trial court calling its attention to the argument appellants now urge
in this court. In the absence of an objection and ruling, nothing is preserved for our review. 
Issue six is overruled.
          In their seventh issue, appellants and Kirschberg argue that attorney’s fees awarded
appellees as a sanction should have been segregated to exclude expenses for defense
incurred while the live petition was signed by their former attorney. Appellants filed a
motion in the trial court to apportion attorney’s fees with their former attorney. We have
located this motion in the clerk’s record and find it sufficient to call appellants’ complaint
to the attention of the trial court. Tex. R. App. P. 33.1(a)(1)(A),(B). The record does not
indicate the court expressly ruled on the motion although we find its detailed order granting
the full amount of attorney’s fees requested by appellees sufficiently indicates it overruled
the motion for apportionment of attorney’s fees by implication. Tex. R. App. P.
33.1(a)(2)(A). 
          Under Rule 13, when the trial court finds a pleading is groundless and brought in
bad faith or groundless and brought for the purpose of harassment, it shall impose an
appropriate sanction available under Rule 215(2) (b). See Tex. R. Civ. P. 13 & 215(2)(b). 
The trial court possesses authority under Rule 215(2)(b) to “make such orders . . . as are
just.” See Tex. R. Civ. P. 215(2)(b). One sanction expressly available to a trial court under
the rule is an award of “reasonable expenses, including attorney fees.” Tex. R. Civ. P.
215(2)(b)(8). The rule does not expressly cap or limit the amount of attorney’s fees
awarded to the exact amount of fees incurred by the movant for sanctions. Falk &
Mayfield, L.L.P. v. Motzan, 974 S.W.2d 821, 823 (Tex.App.–Houston [14th Dist.] 1998, pet.
denied). Moreover, the sanctions listed in Rule 215(2)(b) are inclusive, not exclusive. Tex.
R. Civ. P. 215(2)(b); Falk, 974 S.W.2d at 823. Thus, in Falk the court of appeals found a
sanction of three times the actual amount of attorney’s fees within the trial court’s
discretion when the appellants’ allegation of defamation was absolutely protected speech,
appellants refused appellees’ offer to dismiss in lieu of sanctions, and evidence showed
the attorney appellants previously filed other frivolous suits. Falk, 974 S.W.2d at 823-25. 
          Here following evidentiary hearings the trial court made an order on appellees’
motions for sanctions that included the following findings:
The court finds that good cause exists to impose sanctions pursuant to Tex.
R. Civ. P. 13.
 
The court finds that the First and Second Amended Original Petition (sic)
were presented for an improper purpose.
 
[Appellants’ attorneys] did not make a reasonable inquiry into the legal and
factual basis of the case prior to signing the First and Second Amended
Original Petitions.
 
The court finds that the pleading was presented to increase the cost of
litigation and to harass the Defendants.
 
The court finds that not all of the allegations or other factual contentions in
the First and Second Amended Original Petition had evidentiary support at
the time of the signing. 
 
After reviewing the facts available to Plaintiff and their counsel and the
circumstances existing when the pleading was filed, the Court finds that the
signing of the First and Second Amended Original Petitions violate Tex. R.
Civ. P. 13.
          The clerk’s record reveals that virtually all the activity in the case occurred following
the appearance of Kirschberg. For example, the clerk’s record exceeds 1,100 pages and
only 54 pages of that record temporally precede the pleading through which Kirschberg
made their initial appearance in the case. Exclusive of voir dire, the case required nine
days to try with some of appellants’ theories resolved by directed verdict while the
remainder were decided adversely for appellants by the jury. Under the facts at bar, we
cannot say that the trial court’s award of attorney’s fees as a sanction against appellants
for violating Rule 13 was an abuse of discretion even if the amount awarded included an
amount equal to attorney’s fees incurred by appellees between the filing of appellants’
original petition and their first amended original petition. Issue seven is overruled.
          In their eighth issue, appellants and Kirschberg argue the trial court erred in ordering
appellants pay appellees’ attorney’s fees absent a finding that appellants, as clients of
Kirschberg, were culpable of wrongful conduct. Again appellants cite no record references
or controlling legal authority for their contention. 
          In their argument, appellants and Kirschberg regard the portion of the judgment
requiring appellants pay appellees’ attorney’s fees as a sanction. They do not consider
that appellants sought relief under the UDJA and under the act the court awarded
appellees’ attorney’s fees. Attorney’s fees are available under section 37.009 of the UDJA
not as a sanction but as an award within the court’s discretion. See Oake v. Collin County,
692 S.W.2d 454, 455 (Tex. 1985) (grant of attorney’s fees under section 37.009 within the
trial court’s discretion). Thus, to obtain attorney’s fees under section 37.009 a showing of
the culpability of an adverse party is unnecessary. Rather, the section authorizes the court
to award costs and reasonable and necessary attorney’s fees as are equitable and just. 
Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008). Moreover, the court may
award either party attorney’s fees regardless of which party sought affirmative relief. Save
Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist., 198 S.W.3d 300, 318-19
(Tex.App.–Texarkana 2006, pet. denied); GeoChem Tech. Corp. v. Verseckes, 929
S.W.2d 85, 91-92 (Tex.App.–Eastland 1996), rev'd on other grounds, 962 S.W.2d 541
(Tex. 1998) (when plaintiff’s lawsuit included a claim for declaratory relief, trial court did not
abuse its discretion in awarding attorney’s fees under section 37.009 to defendants after
rendering judgment in their favor). 
          Here the court expressly found appellees should “recover reasonable attorney’s fees
pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.” The court also found that the fees
sought by appellees were “reasonable and necessary.” The trial court did not err in
awarding appellees attorney’s fees according to section 37.009. Issue eight is overruled.
            In their tenth issue, appellants and Kirschberg claim the trial court erred in finding
their allegation that funds were improperly transferred was likely without evidentiary support
at the time their first and second amended original petitions were signed. Appellants do
not support their argument with citations to the record or authorities nor do they
demonstrate how the claimed error was harmful. Tex. R. App. P. 44.1(a)(1). They do,
however, refer us to their prior argument that because start-up funds for All Taxi came from
Star Cab and members of Star Cab did not receive share certificates in All Taxi it is
possible All Taxi was owned by the appellee officers of Star Cab. And, according to
appellants, it would be a misappropriation of funds if the directors of Star Cab wholly
owned All Taxi. These statements, representing the sum and substance of appellants’
claim at the time of trial, amount to no more than surmise and speculation of the alleged
tortious conduct. Appellants’ misappropriation claim lacked evidentiary support at the time
of trial and nothing in the record shows us it possessed any greater merit at the time the
pleading so alleging was signed. The trial court did not abuse its discretion in finding a
want of evidence when the pleading was signed. Issue ten is overruled.
          In their eleventh issue, appellants and Kirschberg argue the trial court erred in
finding appellants’ first and second amended petitions were groundless as defined by Tex.
R. Civ. P. 13. “Groundless” under Rule 13 means “no basis in law or fact and not
warranted by good faith argument for the extension, modification, or reversal of existing
law.” Tex. R. Civ. P. 13. To determine if a pleading is groundless, the trial court employs
an objective analysis; that is, whether the party and counsel made a reasonable inquiry into
the legal and factual basis of the claim. In re United Servs. Auto Ass'n, 76 S.W.3d 112,
115 (Tex.App.–San Antonio 2002, orig. proceeding). In so doing, the court looks to the
facts available to the litigant and the circumstances at the time the suit was filed. Id. 
          Appellants and Kirschberg again do not cite the portions of the record they believe
support the claimed error nor do they provide an analysis showing how the alleged error
probably resulted in an improper order of sanctions. Importantly, appellants and
Kirschberg do not assail findings of the trial court which included: appellants’ pleadings
were presented for an improper purpose, a reasonable opportunity to investigate existed
before the pleadings were filed, appellants’ counsel did not reasonably inquire of the
relevant facts and law before signing the pleadings, the pleadings were filed to increase
costs and for harassment, not all counts in the pleadings likely had evidentiary support
when signed, counts in the pleadings pertaining to causes of action for misappropriation
of funds, insurance fraud, the DTPA, extortion, and usurpation of corporate opportunity did
not likely have evidentiary support when filed, and based on the trial court’s review of the
facts known to appellants and their counsel at the time the pleadings were filed counsel
signed the pleadings in violation of Rule 13. These findings sufficiently support the trial
court’s discretionary determination that good cause existed for imposition of sanctions
under Rule 13. Issue eleven is overruled.
Conclusion 
          Having overruled all issues presented by appellants and Kirschberg, we affirm the
judgment of the trial court.
 
                                                                          James T. Campbell

 Justice