# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00146-CV

**West Campus Ramsey Properties, Ltd., Appellant // Encinal Condominium Owners' Association, Inc., Cross-Appellant**

**v.**

**Encinal Condominium Owners' Association, Inc., Appellee // West Campus Ramsey Properties, Ltd., Cross-Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-08-000741, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

West Campus Ramsey Properties, Ltd. ("West Campus Ramsey") brought suit against Encinal Condominium Owners' Association, Inc. (the "Association") to remove a wall dividing a second-floor terrace adjoining two condominium units. The district court granted partial summary judgment in favor of West Campus Ramsey and ordered the Association to remove the wall but denied West Campus Ramsey's claim for attorney's fees. West Campus Ramsey appeals the denial of its claim for attorney's fees. The Association cross appeals, challenging the partial summary judgment in favor of West Campus Ramsey and the order to remove the wall. For the reasons that follow, we affirm the district court's judgment.

## BACKGROUND

Prior to May 2007, West Campus Ramsey owned two units, 211 and 212, at the Encinal Condominiums. The units were used as a single residence. They share a common wall and a second-floor terrace (the "terrace") with doorways from both units leading to the terrace. On the side of the terrace closest to unit 212, there is a bedroom window to unit 212 and stairs leading to the roof of unit 212. The roof is the property of unit 212.

In May 2007, West Campus Ramsey sold unit 212 to Cristina Rogers. A few months after the sale, Rogers became concerned with her own safety and privacy because of the access from unit 211 to the terrace and the stairs on the terrace leading to her unit's roof. After she observed people accessing the terrace and the stairs to her roof from unit 211, she asked the Association to construct a dividing wall to separate her side of the terrace from unit 211's side. The Association complied with her request and constructed a wall dividing the terrace.

West Campus Ramsey thereafter protested and demanded that the Association remove the wall. West Campus Ramsey ultimately filed this suit in March 2008, seeking specific performance requiring the Association to remove the wall and attorney's fees and costs. West Campus Ramsey contended that (i) the terrace was a limited common element for the benefit of units 211 and 212 according to the Declaration of Condominium Regime for Encinal Condominiums (the "Declaration"), (ii) West Campus Ramsey had not consented to the wall's construction, and (iii) the Association had no authority under the Declaration to authorize the owner of unit 212 to divide a common element shared with the owner of unit 211. Alternatively, West Campus Ramsey contended that the Association's construction of the wall violated section 81.104(e) of the property

code because the Association did not obtain its consent. *See* Tex. Prop. Code Ann. § 81.104(e) (West 2007). West Campus Ramsey also sought attorney's fees pursuant to section 5.006 of the property code. *See id*. § 5.006 (West 2004).

In August 2008, West Campus Ramsey sought a partial summary judgment contending that it was entitled to specific performance—that the Association be ordered to remove the wall—as a matter of law based on articles 7.7 and 9.6 of the Declaration and section 81.104(e) of the property code. *See* Tex. R. Civ. P. 166a(c); Tex. Prop. Code Ann. § 81.104(e). Article 7.7 provides the physical boundaries of the residences, the common areas, and the limited common areas as being those "set out on Exhibit 'B.'" Exhibit B shows the terrace as a limited common area assigned to units 211 and 212.[1] Article 9.6 provides that "[n]otwithstanding any other provision hereof, the prior approval of at least two-thirds (2/3) in interest of all Members of the Association (excluding Developer) shall be required for . . . any amendment to this Declaration (other than an amendment for the sole purpose of assigning additional Parking Areas, as set forth in paragraph 7.8 above) . . . ."

---

[1] Article 1.11 of the Declaration defines limited common area:

"Limited Common Area" shall mean those portions of the Common Areas reserved for the exclusive use of one or more Owners to the exclusion of other such Owners, such Limited Common Areas being more particularly designated as such on Exhibits "B" and "C" hereto and being the Terraces, Roof Decks and Parking Areas. Terraces are designated by the prefix "T" followed by the number of the Residence to which they are assigned. . . .

Exhibit B designates the terrace "T211&212."

3

West Campus Ramsey's evidence included a copy of the Declaration, discovery responses, letters between the parties concerning the dispute, and an affidavit from Michel Issa, a limited partner of West Campus Ramsey. Issa averred that West Campus Ramsey did not consent to the construction of the wall dividing the terrace between units 211 and 212 and that the Association did not conduct a membership vote to change the boundaries of the limited common area between units 211 and 212.

The Association responded. Based upon articles 3.1, 7.2, and 11.2 of the Declaration and the Association's bylaws, the Association asserted that its board of directors (the "Board") was authorized to make the decision to construct the wall dividing the terrace and that the decision was reasonable. Article 3.1 grants the Association the "power and obligation to provide for the maintenance, repair, replacement, administration, insurance, and operation of the Project in accordance with the terms hereof."[2] Article 7.2 restricts an owner from permitting a residence, common area, or limited common area from being used for any purpose "which would constitute a public or private nuisance, which determination may be made by the Board in its sole discretion" or "which would interfere unreasonably with the use and occupancy of the Project by other Owners." Article 11.2 authorizes the Board to amend the rules and regulations with respect to the "day-to-day maintenance, operation, and enjoyment of the Common Areas and the Project" and provides that the rules and regulations are of "equal dignity with, and shall be enforceable in the same manner as, the

---

[2] Article 1.17 of the Declaration defines the "Project" to mean "the Land, the Building, the Residences, the Limited Common Areas and the Common Areas comprising the condominium regime hereby established."

provisions of this Declaration." Article 11.2 also provides that each owner agrees to comply with the rules and regulations.

The Association's evidence included the affidavits of Michael Murray, the president of the Board, and Cristina Rogers. Murray averred to the use of the limited common area terrace, Rogers' communications to the Board about her safety and privacy concerns, and the specific articles of the Declaration authorizing the Board's decision to construct the wall dividing the terrace. Rogers averred to her purchase of unit 212 and her request to the Board. Rogers attached and incorporated to her affidavit the letter that she sent to the Board, the disclosure statement from the seller of unit 212, and pictures of the terrace, the dividing wall, and the stairs.

After a hearing, the district court granted West Campus Ramsey's motion for partial summary judgment. The remaining issue of attorney's fees was tried to the district court in November 2008. The district court entered a final judgment, incorporating the summary judgment ruling and ordering the Association to remove the wall within 45 days of the order and awarding attorney's fees and costs to West Campus Ramsey. The Association filed a motion for new trial on the issue of attorney's fees. The district court granted the motion and entered an amended judgment without the award of attorney's fees.

The district court also entered findings of fact and conclusions of law concerning West Campus Ramsey's claim for attorney's fees. The district court made the following conclusions of law concerning West Campus Ramsey's claim for attorney's fees:

2. In order to recover attorney's fees, a party must prove it is authorized to recover those fees by contract or statute.

5

3. [West Campus Ramsey] sought the award of attorney's fees based on Texas Property Code Sec. 5.006, which authorized the award of attorney's fees in a suit on a breach of a restrictive covenant.

4. Plaintiff's Motion for Partial Summary Judgment, granted by District Court Judge Stephen Yelenosky on October 1, 2008, was based on the Texas Property Code Section 81.104(e) claim only.

5. A suit based on Texas Property Code Section 81.104(e) is not a suit on a breach of a restrictive covenant.

6. Texas Property Code Section 81.104(e) does not authorize the recovery of attorney's fees.

7. There is no contract authorizing the award of attorney's fees.

8. [West Campus Ramsey] is not entitled to recover attorney's fees from [the Association].

The parties' appeals followed.

## ANALYSIS

In two issues, West Campus Ramsey contends that it was entitled to attorney's fees because its action was to enforce the Declaration, a restrictive covenant, and the summary judgment evidence established that the Association breached the Declaration. The Association counters that the Declaration did not entitle West Campus Ramsey to remove the wall, the district court erred in granting the partial summary judgment in favor of West Campus Ramsey, and West Campus Ramsey was not entitled to attorney's fees.

6

***Standard of Review***

We review the trial court's decision to grant summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (movant must conclusively prove all "essential elements of his cause of action or defense as a matter of law"). In deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Dorsett*, 164 S.W.3d at 661; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Where the trial court does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

This Court reviews a trial court's findings of fact for legal and factual sufficiency of the evidence by the same standards applied to a jury verdict. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (legal sufficiency standard of review); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (factual sufficiency standard of review). We review the district court's conclusions of law *de novo*. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

We also review matters of statutory construction *de novo*. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). In construing statutes, our primary goal is to determine and give effect to the legislature's intent. *Id*. We begin with the plain language of the statute at issue and apply its common meaning. *Id*. Where the statutory text is unambiguous, we adopt a construction supported by the statute's plain language, unless that construction would lead to an absurd result. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999).

***Summary Judgment Ruling***

In its second issue, the Association contends that the district court erred in granting partial summary judgment in favor of West Campus Ramsey. Although the parties dispute whether West Campus Ramsey asserted an alternative ground in its motion based upon the Association's alleged breach of the Declaration, they agree that West Campus Ramsey sought and the district court granted partial summary judgment pursuant to section 81.104(e) of the property code.[3] *See* Tex. Prop. Code Ann. § 81.104(e).

Section 81.104 addresses apartment ownership in a condominium regime. *See id*. § 81.104. Subsection (e) provides, as to a limited common element, that consent from certain owners is required before a condominium association may alter or destroy the element:

---

[3] In its first issue, the Association contends that the Declaration did not entitle West Campus Ramsey to remove the wall. Because we affirm the summary judgment ruling based upon section 81.104(e) of the property code, we do not address the Association's first issue. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

8

> A condominium association may not alter or destroy an apartment or a limited common element without the consent of all owners affected and the first lien mortgagees of all affected owners.

*See id*.

The Association does not dispute that the Declaration designates the terrace as a limited common element assigned to units 211 and 212 or that West Campus Ramsey did not consent to the wall's construction. The Association challenges the applicability of section 81.104(e) based upon West Campus Ramsey's sale of unit 212. By conveying unit 212, the Association contends that West Campus Ramsey also conveyed the portion of the terrace appurtenant to unit 212 and, therefore, that it was not required to obtain West Campus Ramsey's consent before constructing the wall. It contends the sale divided the parties' interests in the terrace because, for example, the only purpose of the stairs located on unit 212's portion of the terrace is access to unit 212's roof, which is owned exclusively by unit 212. The Association relies upon the language in article 2.1 of the Declaration that "[e]ach Owner shall be entitled to exclusive ownership and possession of his Residence and the Limited Common Areas appurtenant thereto" and the language in article 2.2 of the Declaration that "[e]ach Residence and the interest in the Common Areas and Limited Common Areas appurtenant thereto shall be inseparable and may be conveyed or encumbered only as a unit." The Association urges that articles 2.1 and 2.2 of the Declaration are incompatible with West Campus Ramsey's claim to own an undivided interest in the terrace and that the wall serves to enforce both owners' entitlement to exclusive possession of the limited common area appurtenant to their respective units.

9

Restrictions in condominium declarations and such other instruments are subject to the same general rules of contract construction. *See Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998); *Aghili v. Banks*, 63 S.W.3d 812, 816 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). In construing a written instrument, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). To achieve this objective, courts consider the entire writing in an effort to give effect to all the provisions so that none will be rendered meaningless. *Id*.

Viewing the articles of the Declaration as a whole, the Association's interpretation that the terrace as a limited common area was divided when unit 212 was sold pursuant to articles 2.1 and 2.2 conflicts with the designation of the terrace "T211&212." *See Banks*, 63 S.W.3d at 816. The Declaration designates the terrace as a limited common area assigned to units 211 and 212 and both units have doorways leading to the terrace. Further, given the plain language of section 81.104(e) that the consent of "all owners affected" is required, even if the sale of unit 212 divided the parties' interests in the limited common area of the terrace, the wall altered the terrace and affected West Campus Ramsey, as the owner of unit 211. *See* Tex. Prop. Code Ann. § 81.104(e); *City of San Antonio*, 111 S.W.3d at 25.

The Association also relies upon section 82.052 of the property code that defines unit boundaries to support its argument that the sale of unit 212 divided the terrace as a limited common area. *See* Tex. Prop. Code Ann. § 82.052 (West 2007). Subsection (4) of section 82.052 provides that, among other things, "balconies" and "exterior doors and windows or other fixtures designed to serve a single unit, but located outside the unit's boundaries, are limited common elements

10

allocated exclusively to that unit." *See id.* § 82.052(4). But section 82.052 expressly does not override a designation in a declaration and subsection (4) is limited to improvements or fixtures "designed to serve a single unit." *See id.* § 82.052 ("Except as otherwise provided by the declaration or plat: . . ."). The terrace was not designed to serve only unit 212.

The Declaration designates the terrace as a limited common element assigned to units 211 and 212. The evidence also conclusively shows that the Association constructed the wall, and Michel Issa's averment that West Campus Ramsey did not consent to the wall's construction was undisputed. Based upon the plain language of section 81.104(e), the wall dividing the terrace "alter[ed] . . . a limited common element," requiring the Association to obtain the consent of West Campus Ramsey, an "affected" owner. *See id.* § 81.104(e); *City of San Antonio*, 111 S.W.3d at 25. We conclude that West Campus Ramsey established its entitlement to summary judgment as a matter of law pursuant to section 81.104(e) of the property code. *See* Tex. R. Civ. P. 166a(c). We overrule the Association's second issue.

### *Attorney's Fees*

In two issues, West Campus Ramsey challenges the district court's conclusions of law 4 through 8 that the summary judgment ruling was based only on section 81.104(e) of the property code and a corresponding finding of fact, number 8, in which the district court similarly found:

> The basis for Plaintiff's Motion for Partial Summary Judgment was that Texas Property Code Section 81.104(e) did not allow the construction of the wall dividing the upstairs terrace shared by units 211 and 212 because the terrace is a limited

common area and there was no consent of all owners affected or first lien mortgagees of owners affected by the change.

West Campus Ramsey contends that it is entitled to attorney's fees pursuant to section 5.006 of the property code because its action against the Association was to enforce the Declaration—a restrictive covenant—and it sought alternatively in its motion for summary judgment, and the summary judgment evidence established, that the Association breached the Declaration by constructing the wall. *See* Tex. Prop. Code Ann. § 5.006.[4] West Campus Ramsey urges that the evidence was conclusive that the Association breached the Declaration because the owner of unit 211 had the right to use the terrace as a limited common element under article 7.7 and the Association did not follow the method of amendment under article 9.6—a vote by the membership—before dividing the terrace.

"A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone." *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997) (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)); *see also* Tex. R. Civ. P. 166a(c). To determine the grounds expressly presented, we may not rely on briefs or summary judgment evidence. *Science Spectrum*, 941 S.W.2d at 912; *McConnell*, 858 S.W.2d at 341. As the party seeking to recover upon a claim, West Campus

---

[4] Section 5.006(a) provides:

> In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim.

*See* Tex. Prop. Code Ann. § 5.006(a) (West 2004). "'Restrictive covenant'" means any covenant, condition, or restriction contained in a dedicatory instrument, whether mandatory, prohibitive, permissive, or administrative." *Id*. § 202.001(4) (West 2007).

Ramsey then was required to "expressly set out" the grounds in its motion that entitled it to summary judgment as a matter of law.  *See* Tex. R. Civ. P. 166a(c).

In its motion, West Campus Ramsey states the "essential facts" to be:  (i)  it is "the owner of unit 211 of the Encinal Condominiums", (ii) the Association "authorized and paid for the construction of the wall dividing the upstairs terrace shared by units 211 and 212," (iii) West Campus Ramsey "did not consent to the construction of the wall dividing the upstairs terrace shared by units 211 and 212," and (iv) according to the Declaration, "the shared terrace is a limited common area for the benefit of units 211 and 212."

West Campus Ramsey's entire "Argument and Authorities" is as follows:

4.1    Texas Property Code Section 81.104(e) provides: "(e) A condominium association may not alter or destroy an apartment or a limited common element without the consent of all owners affected and the first lien mortgagees of all affected owners."

4.2    The Declarations provide at Article 7.7, Boundaries of Residences, that the limited common elements are shown on Exhibit "B" of the Declaration.

4.3    The Declaration provides at Article 9.6 that an amendment to the Declaration requires the vote of two-thirds of the interests of all of the Members.

Given West Campus Ramsey's statements of the "essential facts" and its argument and authorities, we agree with the district court's finding that West Campus Ramsey's motion was based only upon section 81.104(e) of the property code.

West Campus Ramsey contends that the summary judgment evidence established the Association's breach, pointing to the Declaration and to Michel Issa's averment that the Association "did not conduct a membership vote to change the boundaries of the limited common elements

13

between units 211 and 212 . . . . Therefore, [the Association] has not obtained a two-thirds vote of interests of members to authorize the construction of the parapet wall between units 211 and 212." But we may not consider the summary judgment evidence to determine the specific grounds West Campus Ramsey presented in its motion. *See Science Spectrum*, 941 S.W.2d at 912; *McConnell*, 858 S.W.2d at 341.

We conclude that West Campus Ramsey failed to set forth in its motion the specific ground that the Board breached the Declaration by authorizing the wall's construction. *See* Tex. R. Civ. P. 166a(c). Further, because West Campus Ramsey's claim for attorney's fees under section 5.006 of the property code is dependent on a ground that it did not expressly set forth in its motion—the Association's breach of the Declaration—we conclude that the district court did not err in denying West Campus Ramsey's request for attorney's fees under section 5.006. *See* Tex. R. Civ. P. 166a(c); Tex. Prop. Code Ann. § 5.006.

On appeal, West Campus Ramsey also points to section 82.161(b) of the property code and chapter 38 of the civil practice and remedies code as alternative statutory grounds for awarding attorney's fees. *See* Tex. Prop. Code Ann. § 82.161 (West 2007); Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008).[5] Section 38.001(8) supports an award of attorney's fees if the

---

[5] West Campus Ramsey's petition included a general prayer for attorney's fees, but the only statutory ground that it alleged to support its claim for attorney's fees was section 5.006 of the property code. West Campus Ramsey also did not raise section 82.161 of the property code or chapter 38 of the civil practice and remedies code with the district court at the subsequent hearing on attorney's fees. The Association, however, does not argue waiver as to West Campus Ramsey's claims for attorney's fees under section 82.161 of the property code and chapter 38 of the civil practice and remedies code. *See Mitchell v. LaFlamme*, 60 S.W.3d 123, 130 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (although owners did not raise the issue with the trial court, they did not waive issue on appeal seeking recovery of attorney's fees under section 5.006(a) of the property

claim is for "an oral or written contract." Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8). West Campus Ramsey, however, did not allege breach of contract against the Association in its pleadings or seek summary judgment based upon breach of contract to support an award of attorney's fees under section 38.001(8). *See* Tex. R. Civ. P. 166a(c). On this record, chapter 38 does not support West Campus Ramsey's claim for attorney's fees.

We reach the same conclusion as to section 82.161(b) of the property code. Section 82.161 provides:

>   (a)   If a declarant or any other person subject to this chapter violates this chapter, the declaration, or the bylaws, any person or class of persons adversely affected by the violation has a claim for appropriate relief.
>
>   (b)   The prevailing party in an action to enforce the declarations, bylaws, or rules is entitled to reasonable attorney's fees and costs of litigation from the nonprevailing party.

Tex. Prop. Code Ann. § 82.161.[6] Subsection (a) provides a statutory basis for a trial court to grant appropriate relief to a condominium owner in the event it is affected by a violation of chapter 82 of the property code or a condominium's declaration or bylaws. *See id.* § 82.161(a). The recovery of attorney's fees in subsection (b), however, covers a narrower class of claims. The plain language of subsection (b) supports an award of attorney's fees for the violation of "declarations, bylaws, or

code; owners' pleadings sought attorney's fees under the Uniform Declaratory Judgments Act and the Uniform Condominium Act and included a general prayer for attorney's fees; court held that pleading an incorrect or inapplicable statute did not preclude award of attorney's fees and awarded attorney's fees pursuant to section 5.006(a)).

[6] Although the Declaration is subject to chapter 81 of the property code because the Encinal Condominium Regime was created and the Declaration recorded before 1994, section 82.161 applies to the Declaration. *See* Tex. Prop. Code Ann. §§ 81.0011, 82.002(c) (West 2007).

15

rules" but, unlike subsection (a), it does not include the violation of a statute. *See id.* § 82.161(b); *City of San Antonio*, 111 S.W.3d at 25. Given that we have concluded that West Campus Ramsey's summary judgment motion was not based on breach of the Declaration but based on breach of a statute, we conclude that section 82.161(b) does not support West Campus Ramsey's claim for attorney's fees. We overrule West Campus Ramsey's issues.

## CONCLUSION

Because we conclude that the district court did not err in granting summary judgment in favor of West Campus Ramsey and in denying attorney's fees, we affirm the district court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: December 30, 2009

16