**Opinion issued November 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00973-CV

———————————

**PETER D. TRAN, NAM VAN NGUYEN, THE KIM HOANG AND TUYEN NGOC BUI ON BEHALF OF THE VIETNAMESE COMMUNITY OF HOUSTON & VICINITY, INC., A NON-PROFIT CORPORATION,**
Appellants

**V.**

**ALOYSIUS DUY-HUNG HOANG, TERESA NGOC-BICH HOANG, CAVATINA TRUONG, SKYBIRD NGUYEN AND HOC NHU PHAN,**
Appellees

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-75173**

---

**O P I N I O N**

In this suit against individual directors of a Texas nonprofit corporation, we determine whether members of the organization possess derivative standing to sue on behalf of the corporation when neither the articles of incorporation nor the by-laws authorize it. Members of the Vietnamese Community of Houston and Vicinity (VNCH) sued individual members of VNCH's board of directors, alleging breach of their fiduciary duties to VNCH. In the trial court, the members purported to bring a derivative suit against the directors in the name of VNCH. The members sought damages and declaratory relief. The trial court granted summary judgment. Because the members lack standing to bring their derivative suit, we affirm.

## BACKGROUND

Founded in 1983, VNCH is a community organization with a mission of supporting Houston's Vietnamese-Americans, especially its senior citizens. Pursuant to its articles of incorporation, VNCH is a Texas nonprofit corporation, managed by a board of directors elected by its membership. VNCH also has a board of supervisors (variously also called the board of overseers or board of auditors). The member plaintiffs in this suit—Peter D. Tran, Nam Van Nguyen, The Kim Hoang, and Tuyen Ngoc Bui—are members of the board of supervisors.

In 2007 and 2008, VNCH's members elected the defendants to the board of directors. Aloysius Duy-Hung Hoang (Al Hoang) served as president of the board until he was elected to the Houston City Council, at which time Hoc Nhu Phan (Joe Phan) replaced him as president. During the time that Hoang was president of the board, VNCH acquired a new building to serve as a community center and raised funds to finance the purchase.

Tensions arose between the board of directors and the board of supervisors about the property purchase and the fundraising activity and fund disbursement associated with it. The board of supervisors conducted an investigation and produced a written report that alleged wrongdoing by the directors. The member plaintiffs demanded that the board of directors produce documents related to its property acquisition and financing activities or be sued. Dissatisfied with the board's response, the plaintiffs sued the defendant directors, seeking to recover on behalf of VNCH for injuries they allege the defendants have caused VNCH.

VNCH's articles of incorporation declare VNCH's initial directors as authorized to act on its behalf, leaving the details of the organization's structure and governance to the by-laws. The record contains two different English translations of the by-laws, originally written in Vietnamese. Although one translation includes a statement that the supervisors may "apply proper procedures described in the By-Law" to respond to complaints, neither version authorizes the

3

board of supervisors to sue in VNCH's name without the approval of the majority vote of the membership. After the member plaintiffs filed this suit, VNCH's general assembly of the membership passed a resolution condemning the lawsuit as against the by-laws.

The plaintiffs' petition alleged breach of the directors' fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets, fraud, and negligence. In addition to damages, the member plaintiffs sought declaratory relief. In response, the directors brought a traditional and a no-evidence motion for summary judgment, contending that (1) the member plaintiffs had no evidence to support their claims and (2) the member plaintiffs lacked standing.[1] The trial court granted the directors' motion without stating its grounds.

## DISCUSSION

Our resolution of this appeal turns on the second ground: standing to bring suit. The directors challenge the plaintiffs' standing to bring a derivative suit on behalf of VNCH, observing that neither the articles of incorporation nor the by-laws authorize a suit by these individuals as VNCH's agents. In response, the plaintiffs contend that a member of a nonprofit organization is authorized to sue the nonprofit's directors, in the name of the nonprofit, to seek redress for wrongs

---

[1] Teresa Hoang did not join the other defendants' motion for summary judgment, but moved for summary judgment later under the same grounds. The trial court granted her motion, again without stating its grounds.

done to the organization; thus, they contend, the trial court erred in granting judgment to the directors based on the plaintiffs' lack of standing. In addition, they contend that any question of their authority to sue is one of capacity, not standing, and the defendant board members have waived any challenge to the plaintiffs' capacity to bring suit. We consider these contentions in turn.

## A.    Standard of Review

Standing is a prerequisite to maintaining a suit in state court. *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). Generally, unless standing is conferred by statute, "a plaintiff must demonstrate that he or she possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *Id.* at 178–79 (citing *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984)). Standing focuses on whether a party has a "justiciable interest" in the outcome of the suit. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). Standing is a component of subject matter jurisdiction, and we review a trial court's determination of standing de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). Standing can be raised in a traditional motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

**B.      Analysis**

To determine whether the plaintiffs have standing in this case, we examine whether a member of a nonprofit organization has a justiciable interest in seeking redress on behalf of the organization, when the organization has not otherwise conferred on the member a right to act on its behalf.

**1.      Derivative Standing**

The plaintiff members contend that, as members of a nonprofit, they have derivative standing akin to shareholder standing in a for-profit corporation. An individual shareholder ordinarily has no individual cause of action for a wrong done to the corporation. *Webre v. Sneed*, 358 S.W.3d 322, 329 (Tex. App.—Houston [1st Dist.] 2011), *aff'd*, 465 S.W.3d 169 (Tex. 2015). But a derivative suit allows a shareholder to step into the shoes of a corporation and sue on its behalf. *Id.* at 329–30. Texas law permits shareholders of for-profit corporations to bring derivative suits, within its strict parameters, pursuant to the Business Organizations Code. *See* TEX. BUS. ORGS. CODE ANN. §§ 21.551 – 21.563 (West 2012); *see also Sneed v. Webre*, 465 S.W.3d 169, 181 (Tex. 2015) (noting that predecessor statute conveys standing to sue on corporation's behalf if statutory preconditions are met).

No parallel provision confers this status upon the members of a nonprofit who are not otherwise authorized to sue by the organization itself. First, members of a nonprofit organization are not shareholders, and thus lack derivative standing.

6

Sections 21.551 through 21.563 of the Business Organizations Code do not confer standing to sue upon non-shareholders or otherwise recognize merely associative standing. *See* TEX. BUS. ORGS. CODE ANN. § 21.552 (referring to shareholders as the parties entitled to bring derivative suits).

An examination of these statutory provisions bears this out. Title 2 of the Business Organization Code contains two separate chapters, one governing for-profit corporations and the other governing nonprofit corporations. *See generally* TEX. BUS. ORGS. CODE ANN. tit. 2 (concerning corporations). Chapter 21, addressing for-profit corporations, authorizes derivative suits, but it limits the class of people who may bring them to shareholders, commonly referred to as "shareholder standing." TEX. BUS. ORGS. CODE ANN. §§ 21.551–21.563 (providing for derivative suits); *see*, *e.g.*, *Franchise Tax Bd. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336, 110 S. Ct. 661, 665 (1990) (defining and discussing the shareholder standing rule, which limits the standing of shareholders to sue on behalf of a corporation). The statute describes "shareholders" as the parties who may bring suit on behalf of corporations. *See*, *e.g.*, TEX. BUS. ORGS. CODE ANN. § 21.552 (establishing limitations on when shareholders may bring suit); *see also Sneed*, 465 S.W.3d at 180–81 (discussing shareholder derivative suits under predecessor statute). Section 1.002(81) defines "shareholder" as "the person in whose name shares issued by a for-profit corporation, professional corporation, or real estate

investment trust are registered . . . ." TEX. BUS. ORGS. CODE ANN. § 1.002(81) (West Supp. 2014). Sections 21.551 through 21.563 exclude the membership of nonprofit corporations; their members, without more, do not meet the statutory definition of "shareholder."

Second, Texas statutes that authorize and govern Texas nonprofit organizations do not confer membership standing to sue on behalf of the nonprofit. In contrast to the derivative standing conferred upon shareholders in Chapter 21, Chapter 22 for nonprofit corporations contains no authorization for a derivative suit brought on behalf of the nonprofit corporation. Accordingly, we hold that the Legislature has not conferred derivative standing upon the general membership of a nonprofit corporation to sue the board on behalf of the corporation.

The plaintiffs' reliance on *Mitchell v. LaFlamme* for the proposition that members of a nonprofit corporation may bring a derivative suit is misplaced. In *Mitchell*, the owners of townhouses sued their homeowners' association, a nonprofit corporation, for failing to maintain the common areas of their townhouse complex. *Mitchell v. LaFlamme*, 60 S.W.3d 123, 126–27 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The owners argued that they had individual contract or property rights in the common areas, and thus they had standing to sue to enforce those rights. *Id.* at 128–29. The court of appeals rejected this argument. *Id.* As the Amarillo Court of Appeals later observed, the *Mitchell* court was not asked to

decide whether a derivative suit was available to the owners. *See Flores v. Star Cab Coop. Ass'n, Inc.*, No. 07-06-0306-CV, 2008 WL 3980762, at *7 (Tex. App.—Amarillo Aug. 28, 2008, pet. denied) (mem. op.) (rejecting plaintiffs' assertion that *Mitchell* allows nonprofit members to bring derivative suits).

Third, although the member plaintiffs suggest in passing that VNCH's articles of incorporation or by-laws generally authorize their suit against the board as the organization's agents, we find no provision that does so; at most, the by-laws indicate that the supervisory board may act through internal disciplinary procedures described in the by-laws. The by-laws vest all authority to conduct business on behalf of VNCH in the directors. Nowhere in either translation do the by-laws authorize individual members of the board of supervisors to sue on behalf of VNCH absent the authorization of the general membership by a vote. We hold that, absent statutory authorization, the plaintiffs have not otherwise demonstrated standing to sue.

### 2. Standing v. Capacity

The member plaintiffs further contend that the directors have waived their standing challenge because the directors did not file a verified answer denying the plaintiffs' capacity to sue. *See* TEX. R. CIV. P. 93(1); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). The directors, however, have challenged the plaintiffs' authority to sue on behalf of VNCH, which is a standing

9

issue—the member plaintiffs do not assert an individual injury. *See Sneed*, 465 S.W.3d at 179–81 (analyzing question of whether shareholder of close corporation could bring derivative suit in terms of standing); *Harris Cty. Emergency Servs. Dist. No. 2 v. Harris Cty. Appraisal Dist.*, 132 S.W.3d 456, 460–61 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (premising standing analysis on whether the plaintiff has "alleged concrete injuries") (quoting *Wilson v. Andrews*, 10 S.W.3d 663, 669 (Tex. 1999)). Because the question presented is one of standing, we reject the plaintiffs' argument that the directors were required to object by verified pleading to preserve their standing challenge for review.

### 3. Declaratory Relief

Lastly, the members contend that they may seek declaratory relief regardless of whether they have derivative standing to sue. They correctly observe that the Texas Uniform Declaratory Judgments Act empowers a trial court to declare an interested person's "rights, status, or other legal relations," and they ask that we hold that the trial court must do so in this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West 2015). The Declaratory Judgments Act, however, is "a procedural device for deciding cases already within a court's jurisdiction." *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). It does not confer jurisdiction where none exists. *See Tex. Ass'n*

*of Bus.*, 852 S.W.2d at 444 (observing that without standing, a declaratory judgment is an advisory opinion). Because the Declaratory Judgments Act does not independently extend jurisdiction to the plaintiff members, the trial court properly granted summary judgment on this claim.

## CONCLUSION

The members of a nonprofit corporation are not shareholders and thus lack statutory shareholder standing to bring a derivative suit. The plaintiff members provide no other basis – as a matter of the corporation's governance documents or a contractual relationship – which otherwise might confer on an organizational member standing to sue as an authorized agent of the nonprofit corporation. Accordingly, we affirm the summary judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

11