**Opinion issued February 19, 2026.**



In the

# Court of Appeals

for the

# First District of Texas

———————————————

## NO. 01-24-00089-CV

———————————————

**BINH NGUYEN, Appellant**

**v.**

**JEANA TRAN AND TRUC LE, INDIVIDUALLY AND ON BEHALF OF WILCREST PARK TOWNHOMES OWNERS' ASSOCIATION, INC., AND WILCREST PARK TOWNHOMES OWNERS' ASSOCIATION, INC.,**
**Appellees**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-56338**

---

## MEMORANDUM OPINION

Appellant, Binh Nguyen, challenges the trial court's final judgment in favor of appellees Jeana Tran and Truc Le, individually and on behalf of the Wilcrest Park Townhomes Owners' Association, Inc. (the HOA), and the HOA in cause

number 2020-56338, and in favor of the HOA in cause number 2019-73573, which was consolidated into cause number 2020-56338.[1] We reverse and remand to the trial court for a determination of its subject-matter jurisdiction.

## Background

Wilcrest Park Townhomes is a residential condominium complex in the Houston suburbs.

## A.     The 2019 Lawsuits

On October 7, 2019, in *Binh Nguyen v. Miklos Kato, et al*., Harris County District Court cause number 2019-73573, Nguyen filed suit against the HOA, a nonprofit corporation, certain of the HOA's past or then-current directors (Miklos Kato, Minh Hoang, and Tu Dung), and Austenite Investments, LLC (Austenite). Nguyen brought his claims and sought declaratory relief based on the defendants' alleged refusal to recognize Nguyen's election to the HOA board. The HOA and director defendants filed an answer that included a jury demand. The HOA filed counterclaims and sought injunctive relief against Nguyen, including an injunction barring him from asserting any authority to act on behalf of the HOA.

---

[1]     We have modified the style of the appeal to correct the spelling of Wilcrest Park Townhomes Owners' Association, Inc. We have removed from the list of appellees what appeared to be a duplicative reference to the HOA, and we have also removed from that list the names of three individuals (Miklos Kato, Minh Hoang, and Dung Tu ) who were dismissed from the underlying litigation.

2

On December 3, 2019, in *Wilcrest Park Townhomes Owners' Association v. Binh Nguyen*, Harris County District Court cause number 2019-85910, the HOA filed suit against Nguyen based on conduct that the HOA alleged had occurred since Nguyen filed suit against the HOA. The HOA asked the trial court in Nguyen's lawsuit to consolidate that lawsuit and the HOA's lawsuit. The trial court granted the motion and consolidated the cases under cause number 2019-73573.

Soon thereafter, Nguyen non-suited with prejudice his claims against the HOA and the HOA non-suited with prejudice its claims against Nguyen. The surviving claims were Nguyen's claims against the director defendants and Austenite. Nguyen amended his petition to add the HOA as a plaintiff. The HOA successfully moved for a default judgment against Austenite, which had never filed an answer.

The trial court later severed the HOA's claims against Austenite into cause number 2019-73573-A, making the default judgment a final judgment in the severed action. Still pending in cause number 2019-73573 were Nguyen and the HOA's claims against the director defendants.

**B.     The HOA's September 2020 Lawsuit**

In September 2020, in *Wilcrest Park Townhomes Owners' Association v. Jeana Tran, et al.*, Harris County District Court cause number 2020-56338, the HOA sued homeowners and former HOA directors Jeana Tran (J. Tran) and Truc

Le. The HOA brought various claims and sought injunctive relief against J. Tran and Le. J. Tran filed counterclaims and sought declaratory relief against the HOA. Khoi Tran (K. Tran), the owner of multiple Wilcrest Park Townhomes units, intervened in the litigation and asserted the same claims against the HOA as J. Tran.

On May 3, 2022, J. Tran and K. Tran filed a joint jury demand and paid the required jury fee. On January 20, 2023, J. Tran and Le filed a joint jury demand and paid the required jury fee.

On April 7, 2023, defendant/counter-plaintiff J. Tran and defendant Le filed third-party claims and sought declaratory relief against Nguyen. J. Tran and Le complained of injuries suffered by the HOA as a result of Nguyen's conduct, as well as injuries suffered by J. Tran and Le individually.

On October 23, 2023, roughly two weeks before trial, J. Tran and Le filed a jury trial waiver.

## C.     Trial in HOA's September 2020 Lawsuit

### 1.     Bench trial

The trial court held a bench trial on November 6-8, 2023.[2] Nguyen appeared pro se at trial. During a housekeeping discussion on the first day of trial, just before

---

[2]     While the reporter's record states the trial dates as November 7-9, 2023, the trial court states in its final judgment that the trial dates were November 6-8, 2023. We use herein the trial dates as stated by the trial court.

the trial began, the trial court asked: "All parties have agreed to waive the jury fees that have been previously paid; is that correct?" Counsel for the HOA and counsel for J. Tran, Le, and K. Tran both responded: "Yes." Nguyen then had the following exchange with the trial court:

> MR. NGUYEN: Your Honor, I don't have a voice into all of this. So how do I get a fair trial when I don't have a voice, ma'am, on –
>
> THE COURT: You –
>
> MR. NGUYEN: – agreement of the jury, on agreement of the hearing on – on agreement of the mediation. I don't have a voice. I have to do – to disagree.
>
> THE COURT: Okay. Well, you have a voice here. You will sit at counsel's table right there in that end chair and we are proceeding.
>
> You – Counsel –
>
> MR. NGUYEN: Your Honor, for record, I do not agree with the trial without juries, ma'am.
>
> THE COURT: Did you pay a jury fee? Did you demand a jury, did you pay a jury fee?
>
> MR. NGUYEN: I don't know the process, ma'am.
>
> THE COURT: That's – you fired your lawyer. So that's at your own fault. You can sit right there.
>
> I specifically asked you if you wanted, to make sure you were doing the right thing, without going forward with a lawyer.
>
> MR. NGUYEN: Your Honor, I believe that when you asked me – or both party on the hearing, that I was not properly served, and they confirmed that I was not a party –

THE COURT: Okay.

MR. NGUYEN: – at the hearing. So to my point of view, I – I don't need a lawyer. And I'm not a party.

According to the last hearing that you had a hearing for the show cause, both [the court-appointed receiver and counsel for J. Tran, Le, and K. Tran] confirmed that I'm not a party.

THE COURT: Okay. Why don't you have a seat.

After confirming that no one in the courtroom was there for a hearing on another matter, the trial court had the following exchange with counsel for J. Tran, Le, and K. Tran:

THE COURT: [Counsel for J. Tran, Le, and K. Tran], you filed a third-party petition; is that correct?

[COUNSEL FOR J. TRAN, LE, AND K. TRAN]: Yes, ma'am.

THE COURT: Okay. And was Mr. Nguyen served with the third-party petition.

[COUNSEL FOR J. TRAN, LE, AND K. TRAN]: Your Honor, no. We were not able to get him served. His attorney . . . made an appearance on his behalf.

THE COURT: Okay. Is there an answer on file?

[COUNSEL FOR J. TRAN, LE, AND K. TRAN]: No, ma'am. There is no answer on file.

THE COURT: So tell me about the appearance he made on his behalf.

[COUNSEL FOR J. TRAN, LE, AND K. TRAN]: When he appeared in the court, and he also filed that he was his attorney of record. And then, he had to file a motion to withdraw as the attorney of record.

6

THE COURT: Okay. Great. Thank you. . . .

Later that day, the HOA filed a jury waiver. K. Tran did not file a written jury waiver.

### 2.    Alleged settlement and assignment

During the same pretrial discussion, the trial court and parties had the following exchange concerning an alleged settlement between the HOA and J. Tran, Le, and K. Tran:

> THE COURT: All right. [Counsel for HOA], anything else?
>
> [COUNSEL FOR HOA]: Yes, Your Honor. At this time Plaintiffs [sic] [the HOA] announces a settlement with Jeana Tran, Truc Le, and Khoi Tran.
>
> THE COURT: So Defendant [sic] [the HOA] has settled with the three plaintiffs [sic].
>
> [COUNSEL FOR HOA]: Yes.
>
> THE COURT: Is that correct?
>
> [COUNSEL FOR J. TRAN, LE, AND K. TRAN]: Yes, ma'am.
>
> THE COURT: Okay. Do you want to dictate the terms of the settlement into the court record so the Court can render.
>
> [COUNSEL FOR HOA]: Do you want to do that, or do you want to hold on the details?
>
> [COUNSEL FOR J. TRAN, LE, AND K. TRAN]: We can hold on the details, Your Honor, and – and put it in writing and –
>
> THE COURT: Okay.

7

[COUNSEL FOR J. TRAN, LE, AND K. TRAN]: – that's what we would prefer to do.

THE COURT: Before you leave today you need to do that so that we can make it part of the record and that there is no issue about what that settlement is.

The Court wants to render so there's no changes after I render, is that understood?

[COUNSEL FOR J. TRAN, LE, AND K. TRAN]: Yes, ma'am.

THE COURT: So that leaves what for trial?

[COUNSEL FOR HOA]: That leaves the case against Mr. Nguyen.

THE COURT: Is [the HOA] a party to that case?

[COUNSEL FOR HOA]: It is now.

THE COURT: How is it a party to this case now?

[COUNSEL FOR HOA]: Ms. Tran, Ms. Le, [and] Mr. Tran have assigned their claims against Mr. Nguyen to [the HOA][3] and retain their claims for attorney's fees.

THE COURT: Okay. So you only are here for purposes of proving up your attorney's fees?

[COUNSEL FOR J. TRAN, LE, AND K. TRAN]: Yes, ma'am. But my clients will be testifying, so I will be here while they also testify, Your Honor.

THE COURT: Is it your position that you will be able to object during those testimonies?

---

[3]    Despite this statement, intervenor K. Tran does not appear to have had any pending claims against Nguyen.

[COUNSEL FOR J. TRAN, LE, AND K. TRAN]: With regard to my clients?

THE COURT: Yes.

[COUNSEL FOR J. TRAN, LE, AND K. TRAN]: Yes, because I'm still here with regard to the claim for attorney's fees.

THE COURT: But if you have -- well, you can, of course, object to any question with regard to attorney's fees.

But if you have assigned your interest to [the HOA], then it is [the HOA] who, then, has the right to question and object.

[COUNSEL FOR J. TRAN, LE, AND K. TRAN]: Yes, ma'am.

THE COURT: All right. I think I got.

Are we ready? Anything else?

[COUNSEL FOR HOA]: That's all from the plaintiffs.

THE COURT: Okay. So you, [counsel for HOA], are now going to give me an opening statement on the claim of the Trans and Le against Mr. Nguyen; is that correct?

[COUNSEL FOR HOA]: Yes, Your Honor.

THE COURT: All right. You may proceed.

After closing arguments on November 8, 2023, the last day of trial, the trial court discussed with the parties whether the pending claims permitted the trial court to award the HOA damages based on harm the HOA suffered as a result of Nguyen's conduct. As part of that discussion, the trial court confirmed that the HOA did not bring its own damages claim against Nguyen and that J. Tran and

9

Le's third-party claims against Nguyen were claims brought in their individual capacity and not derivative claims brought on behalf of the HOA:

> THE COURT: I want you to help me with a procedural issue, [counsel for HOA and counsel for J. Tran, Le, and K. Tran]. Who were assigned the claim of the individual Plaintiffs? Did [the HOA] file a counterclaim against Mr. Nguyen?
>
> [COUNSEL FOR HOA]: No. They did not, we did not.
>
> THE COURT: So does [the HOA] have a cause of action against Mr. Nguyen?
>
> [COUNSEL FOR HOA]: Not in this case, your Honor.
>
> THE COURT: So tell me how I award [the HOA] damages, okay, against Mr. Nguyen?
>
> [COUNSEL FOR HOA]: These would not be [HOA] damages. [The HOA] damages and claim has been resolved against Jeana Tran. These are Jeana Tran, True Le, and Khoi Tran's damages.
>
> THE COURT: Except that they filed in their individual capacity and not in their derivative capacity on behalf of [the HOA].
>
> [COUNSEL FOR HOA]: That is correct, your Honor.
>
> THE COURT: So how do I award [the HOA] damages and/or damages to the individuals if the damages belong to [the HOA]?
>
> [COUNSEL FOR HOA]: They have experienced their own damages on an individual basis.
>
> THE COURT: Correct.
>
> [COUNSEL FOR HOA]: And that is part of what we moved for in addition.

THE COURT: So for instance, how do I award $315,000 in damages if the harmed party is [the HOA]?

[COUNSEL FOR HOA]: The harmed party is also the owners. They are owners of the units.

THE COURT: So wouldn't they be entitled to just their percentage of what they own in the unit? The damage to the wounded party here is [the HOA]. They did not file derivatively.

[COUNSEL FOR HOA]: That's correct, your Honor.

THE COURT: Tell me how I award [the HOA] damages?

[COUNSEL FOR HOA]: You cannot award [the HOA] damages, your Honor.

THE COURT: How do I award the damages that were sustained by [the HOA] to these individual Defendants?

[COUNSEL FOR HOA]: They would have to be awarded, as your Honor stated, in their individual capacity; but as owners, they are on the hook for all of these damages, the damages that are ongoing at [the HOA] because of the actions of Binh Nguyen.

. . . .

THE COURT: But tell me -- I need a brief because quite frankly, I don't think you have the proper party in this case. So you-all are going to have to figure out that there are these damages up here, okay. There appears to be an injured party. That injured party appears to be [the HOA].

[COUNSEL FOR HOA]: Yes, your Honor.

After counsel for the HOA and counsel for J. Tran, Le, and K. Tran discussed filing motions for leave to amend their pleadings to conform to the evidence presented at trial, the trial court concluded:

11

I look forward to your briefing and your motion for leave. I could be wrong. Somehow or another this could be different, but the damages you-all have proved are against [the HOA]. They can in their derivative capacity sue on behalf of [the HOA], but I don't see where they've done that.

## D. Post-Trial Amendments in HOA's September 2020 Lawsuit

On November 13, 2023, J. Tran and Le filed a motion for leave to amend their third-party petition under rule 67 of the Texas Rules of Civil Procedure. J. Tran and Le concurrently filed an amended third-party petition in which they recast their non-derivative claims based on harm suffered by the HOA as a result of Nguyen's conduct and pled them as derivative claims based on harm suffered by the HOA as a result of Nguyen's *ultra vires* conduct. In their motion for leave, J. Tran and Le argued that "[t]he . . . causes of action that [the HOA] has against [] Nguyen were tried by consent," without objection by Nguyen, and should thus be treated as if they had been pled by the HOA.

Also on November 13, 2023, the HOA filed its own motion under rule 67 of the Texas Rules of Civil Procedure for leave to file an amended pleading, along with the proposed amended pleading. The HOA attached a copy of J. Tran and Le's amended third-party petition to its amended pleading and stated that the HOA "adopts any and all claims, causes of actions, and allegations against [] Nguyen and incorporates [sic] herein." Separately, the HOA amended its petition to provide that "[a]ll facts, allegations, and causes of action claimed against [J. Tran and

12

Le]"—i.e., allegations and claims that the HOA had originally brought against J. Tran and Le—"are also claimed by [the HOA] against [] Nguyen *due to the assignment of claims*."[4] (Emphasis added.) The HOA argued that "[a]ll issues have been tried by consent" and that the pleadings "should be conformed to match the evidence presented at trial."

On November 14, 2026, the trial court held a post-trial hearing at which it considered the motions for leave to amend. Over Nguyen's objections, the trial court granted the parties' motions "to [a]mend their respective pleadings to reflect causes of action tried against [] Nguyen by consent."

E.     **Consolidation of the 2019 Lawsuits into the HOA's 2020 Lawsuit**

Nguyen's and the HOA's 2019 lawsuits, which had been consolidated under cause number 2019-73573, were transferred in April 2023 to the court in which the HOA's 2020 lawsuit was pending. The day that those cases were scheduled for trial, the trial court granted Nguyen's motion to non-suit all of his claims. The trial court also dismissed any still-pending claims by any parties other than Nguyen and the HOA, which were the only parties who appeared at trial. The trial court then granted a motion by the HOA to consolidate cause number 2019-73573 into cause

---

[4]     Despite the HOA's representations to the trial court that the HOA, J. Tran, Le, and K. Tran had entered into a settlement that left for trial only claims against Nguyen, the HOA in its amended pleading removed only one of several claims against J. Tran and Le.

number 2020-56338 "as a matter of judicial economy in order to avoid trying the exact same case against [Nguyen] which was tried in" cause number 2020-56338.[5]

## F.     Trial Court Judgment

In its November 14, 2023 judgment in the consolidated actions, including causes number 2019-73573 and 2020-56338, the trial court concluded that the HOA, J. Tran, and Le were entitled to an award of damages, attorney's fees, and a permanent injunction against Nguyen. The trial court found Nguyen to be liable to the HOA for breach of fiduciary duty, negligent misrepresentation, fraud, gross negligence, and willful misconduct,[6] and awarded the HOA $640,653.03 in actual damages and $250,000.00 in exemplary damages. The trial court entered a permanent injunction against Nguyen to avoid any further harm to the HOA. The trial court awarded J. Tran $10,100.00 in actual damages against Nguyen. The trial court found Nguyen to be liable to J. Tran and Le for attorney's fees under both their individual and derivative claims and awarded J. Tran and Le $282,070.60 in attorney's fees in their derivative capacity. The trial court also awarded J. Tran and Le additional amounts of attorney's fees in their derivative capacity in the event

---

[5]     It is unclear from the record on appeal what claims were pending against which parties in cause number 2019-73573 at the time of the consolidation.

[6]     J. Tran and Le had pleaded these claims in their third-party petition, first on a non-derivative and then on a derivative basis. The HOA incorporated the derivative claims by reference into its amended petition. In addition, the HOA's original petition included a breach of fiduciary duty claim against J. Tran and Le and, in its amended petition, the HOA extended the scope of that claim to include Nguyen "due to the assignment of claims."

14

any appeal by Nguyen from the trial court's order reached certain appellate milestones.

Nguyen later filed a motion for new trial on the grounds that he had been improperly denied a jury trial. The HOA, J. Tran, Le, and K. Tran argued in response that Nguyen waited too late to object to proceeding without a jury. In his reply in support of his motion, Nguyen noted that he had objected to proceeding without a jury before the HOA filed its jury waiver. The trial court denied Nguyen's motion for new trial.

## G. Appeal

On appeal, Nguyen argues with respect to cause number 2020-56338 that (1) no party in the lawsuit had standing to assert claims for damages sustained by the HOA, and (2) the trial court abused its discretion in denying Nguyen a jury trial.[7] Because standing is a necessary component of subject-matter jurisdiction, we address that issue first. *See Gilbreath v. Horan*, 682 S.W.3d 454, 487-90 (Tex. App.—Houston [1st Dist.] 2023, pet. denied) (addressing standing challenges first given potential impact on subject-matter jurisdiction).

### Standing

In his first issue on appeal, Nguyen argues there was no basis for the trial court's awards of damages and injunctive relief against him in cause number 2020-

---

[7] Nguyen appeared pro se at trial but is represented by counsel on appeal.

15

56338 for harm suffered by the HOA because (1) J. Tran, Le, and K. Tran did not have standing to bring the underlying claims; (2) the HOA did not have standing as an assignee to bring the underlying claims; and (3) the parties' post-trial amendments did not cure those standing defects.

## A.    Standard of Review

Standing is a component of subject-matter jurisdiction. *Meyers v. JDC/Firethorne, Ltd*., 548 S.W.3d 477, 484 (Tex. 2018). "A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it. Thus, if a plaintiff lacks standing to assert one of his claims, the court lacks jurisdiction over that claim and must dismiss it." *Heckman v. Williamson Cnty*., 369 S.W.3d 137, 150 (Tex. 2012). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Standing is determined at the time suit is filed in the trial court. *Boeing Co. v. Sw. Airlines Pilots Ass'n*, 716 S.W.3d 140, 148 n.12 (Tex. 2025).

Because standing is a component of subject-matter jurisdiction, it cannot be waived and may be raised for the first time on appeal by a party or the appellate court. *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 445-46 (Tex. 1993); *Country Cmty. Timberlake Vill., L.P. v. HMW Special Util. Dist.*, 438 S.W.3d 661, 667 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). We must

16

engage in a *sua sponte* review of our jurisdiction whenever it is uncertain. *See Hensley v. State Comm'n on Judicial Conduct*, 692 S.W.3d 184, 199 n.71 (Tex. 2024); *Rattray v. City of Brownsville*, 662 S.W.3d 860, 869 (Tex. 2023).

When standing is raised for the first time on appeal, the plaintiff may not have had a fair opportunity to address it by amending its pleadings or developing the record. *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 429 (Tex. 2016) (citing *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012)). Under such circumstances, the appellate court must construe the pleadings in favor of the plaintiff and, if necessary, review the record for evidence supporting jurisdiction. *Id*. (citing *Rusk State Hosp.*, 392 S.W.3d at 96). "If standing has not been alleged or shown, but the pleadings and record do not demonstrate an incurable jurisdictional defect, the case will be remanded to the trial court where the plaintiff is entitled to a fair opportunity to develop the record relating to jurisdiction and to replead." *Id.* (citing *Rusk State Hosp.*, 392 S.W.3d at 96-97); *see also Pepper Lawson Horizon Int'l Grp., LLC v. Tex. S. Univ.*, 669 S.W.3d 205, 213 (Tex. 2023) (assuming without holding that plaintiff's standing was at issue, reversing and remanding for further proceedings because defendant had not conclusively established either that plaintiff had a full and fair opportunity to develop record in trial court and amend its pleadings or that it would be unable to show its standing given that opportunity (citing *Rusk State Hosp.*, 392 S.W.3d at 100)).

**B. Purported Settlement and Assignment**

During a housekeeping discussion just before trial began, counsel for the HOA and counsel for J. Tran, Le, and K. Tran informed the trial court of a settlement between the HOA and J. Tran, Le, and K. Tran. Counsel declined to dictate the terms of the settlement into the record, opting to "hold on the details" and "put it in writing." *See* Tex. R. Civ. P. 11 ("Agreements To Be in Writing") ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."). The trial court informed them that they would need to do so before they left the courtroom that day "so that we can make it part of the record and that there is no issue about what that settlement is." When the trial court then asked what claims remained for trial, counsel for the HOA stated "the case against Mr. Nguyen," claiming that J. Tran, Le, and K. Tran had "assigned their claims against Mr. Nguyen to [the HOA] and retain[ed] their claims for attorney's fees." But the parties do not appear to have ever made the terms of the purported settlement, including any assignment, a part of the record.

**C. Non-Derivative Claims for Injuries Suffered by the HOA**

Regardless of the purported settlement's terms, no party in cause number 2020-56338 had standing to bring any non-derivative claim for injuries suffered by

18

the HOA that J. Tran and Le purportedly assigned to the HOA. Members of a nonprofit corporation ordinarily have no individual cause of action for a wrong done to the corporation, *Tran v. Hoang*, 481 S.W.3d 313, 316 (Tex. App.—Houston [1st Dist.] 2015, pet. denied), and may bring a derivative claim only under limited circumstances, *see Grant Me the Wisdom Found. v. Boyar*, 716 S.W.3d 916, 927 (Tex. App.—Houston [14th Dist.] 2025, pet. denied) (noting that Texas Business Organizations Code, which governs derivative standing of shareholders of for-profit and nonprofit corporations, does not give shareholders of nonprofit corporations derivative standing other than for claims against current or former officer or director based on officer or director's *ultra vires* conduct (citing section 20.002(c)(2) of Texas Business Organizations Code)). Here, the HOA conceded at trial that J. Tran and Le's pending claims against Nguyen were not derivative claims.

Thus, J. Tran and Le did not have standing to bring their initial non-derivative claims based on injuries suffered by the HOA. Assuming that J. Tran and Le assigned to the HOA their non-derivative claims based on injuries suffered by the HOA, the HOA did not acquire by virtue of that assignment any claim that would support the trial court's judgment for harm suffered by the HOA. *See Boeing*, 716 S.W.3d at 154 (holding that nonprofit association assigned individual claims brought by its members acquired no greater rights or "ability to

19

pursue" claims than those possessed by members and was required to establish, for each assigned claim, that *member* suffered "injury in fact"—i.e., could "only prevail by proving the defendant's liability to the assignor [member] and the damages the assignor [member] sustained" (citing *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000))); *see also Specialty Assocs. of W. Houston v. Adams*, No. 01-21-00092-CV, 2022 WL 3452329, at *5 (Tex. App.—Houston [1st Dist.] Aug. 18, 2022, pet. denied) (mem. op.) (noting that assignee steps into shoes of assignor and may assert same rights as assignor). Moreover, even assuming the HOA and Nguyen tried J. Tran and Le's non-derivative claims based on injuries suffered by the HOA—which were the only pleaded claims against Nguyen when trial commenced—by consent, subject-matter jurisdiction cannot be conferred upon a court by consent or waiver. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (noting that subject-matter jurisdiction exists by operation of law only, and cannot be conferred upon any court by consent or waiver).

**D.      Derivative Claims for Injuries Suffered by the HOA**

In their post-trial amendments to their pleading, J. Tran and Le recast their individual, non-derivative claims against Nguyen based on injuries allegedly suffered by the HOA as a result of Nguyen's conduct as derivative claims against Nguyen for harm suffered by the HOA as a result of Nguyen's *ultra vires* conduct.

J. Tran and Le argued in their motion for leave that the claims had been tried by consent. In the HOA's amended pleading, it asserted claims purportedly assigned to it by J. Tran and Le, including the new derivative claims in J. Tran and Le's amended third-party petition—i.e., claims included in J. Tran and Le's amended petition despite the alleged assignment to the HOA. The HOA also argued that the claims had been tried by consent. The trial court granted the parties' motions to amend "to reflect causes of action tried against [] Nguyen by consent."

The basis for the trial court's conclusion that the derivative claims were tried by consent is unclear given the HOA, J. Tran, and Le made no showing in the trial court that evidence was admitted that was relevant only to the unpleaded derivative claims and not the pleaded (and largely identical) non-derivative claims. *Bos v. Smith*, 556 S.W.3d 293, 307 (Tex. 2018) (admission of evidence relevant to both pleaded and unpleaded issues does not support application of doctrine of trial by consent); *Moran v. Williamson*, 498 S.W.3d 85, 97 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (same).

In any case, under the applicable standard of review, the uncertainty surrounding the purported settlement between the HOA and J. Tran, Le, and K. Tran, including the terms of any assignment of causes of action, prevents us from determining which party or parties had standing to bring the derivative claims. The uncertainty obscures not just which party or parties owned the

21

derivative claims at what times but may also impact, for example, whether and how the relation-back doctrine applies to the HOA, J. Tran, and Le's amended pleadings. *See, e.g.*, *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 121-22 (Tex. 2004) (noting that amended pleading adding new party ordinarily does not relate back to original pleading and that "distinct and different" claims do not relate back); *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 831 (Tex. 1994) (holding that pleading amendment adding back plaintiffs who had been dropped from multi-plaintiff pleading related back to original pleading because omission of plaintiffs' name from interim amendment was inadvertent, discovery as to plaintiffs continued during period in which their names were omitted from pleading, and defendants suffered no prejudice from correction of omission); *Uddin v. Cunningham*, No. 01-18-00002-CV, 2019 WL 4065273, at *4-5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, pet. dism'd) (mem. op.) (holding that pleading amendment reflecting assignment of agreement to plaintiff, but that did not add new party and relied on same common core of operative facts, related back to original pleading); *Chavez v. Andersen*, 525 S.W.3d 382, 386-89 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding that amended pleading adding original defendant's husband as new defendant in automobile accident litigation did not relate back to original pleading, declining to apply misnomer exception to general rule that relation-back doctrine does not apply where new party is added).

We thus remand the case to the trial court for a determination of its subject-matter jurisdiction over the derivative claims brought by J. Tran and Le on behalf of the HOA based on injuries that the HOA allegedly suffered as a result of Nguyen's *ultra vires* conduct and, if appropriate, any further trial-court proceedings on the claims. *See Rusk State Hosp.*, 392 S.W.3d at 96 (stating that appellate court should remand if pleadings and record neither demonstrate jurisdiction nor conclusively negate it, and if defendant does not otherwise establish that plaintiff was or would be unable to show jurisdiction with full and fair opportunity to do so).

**Jury Trial**

In his second issue on appeal, Nguyen argues that the trial court abused its discretion in denying him a jury trial over his objection to proceeding without a jury. At the time Nguyen was made a party to the suit, J. Tran, Le, and K. Tran had filed jury trial demands and paid the jury trial fee, giving all parties the right to a jury trial. *See* TEX. R. CIV. P. 220 ("When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested."); *In re Marriage of Harrison*, 557 S.W.3d 99, 136 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("When one party requests a jury trial and pays the jury fee, all other parties in the suit acquire the right to a jury trial and can rely upon another party's proper jury request."). On

October 23, 2023, two weeks before trial, J. Tran and Le filed a jury trial waiver. During a pretrial housekeeping discussion on the first day of trial, when the trial court asked if all parties had waived the jury fees that had previously been paid, all parties but Nguyen stated that they had. At that point, Nguyen objected to proceeding without a jury. K. Tran, who had made a jury demand and paid the required fee, and the HOA, which like Nguyen was entitled to rely on other parties' jury demands and payment of the jury fee, thus waived their jury trial rights at the earliest just before Nguyen's objection.

Because our subject-matter jurisdiction is unclear, we do not decide the issue. *See Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958) ("It is well settled that the jurisdiction of the appellate court as to the merits of a case extends no further than that of the court from which the appeal is taken."); *Mills v. Warner Lambert Co.*, 157 S.W.3d 424, 426 (Tex. 2005) (quoting *Pearson*); *Univ. of Tex. Sys. v. Thomas*, 464 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Johnson v. Ventling*, 132 S.W.3d 173, 179 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Pearson*)).

**Conclusion**

We reverse and remand to the trial court for a determination of its subject-matter jurisdiction over the derivative claims brought by J. Tran and Le on behalf of the HOA based on injuries that the HOA allegedly suffered as a result of

24

Nguyen's *ultra vires* conduct and, if appropriate, any further trial-court proceedings on the claims.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.